977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anita FROST, Plaintiff-Appellant,
v.
James Robert SEARS, Defendant,
and
Timothy Frost; Carolyn Frost, Defendants-Appellees.
 No. 91-55937.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Oct. 8, 1992.
 
 1
 Before FEINBERG,** GOODWIN and SCHROEDER Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff Anita Frost's daughter was tragically killed in a car accident in New Brunswick, Canada. She appeals the dismissal of her complaint in the United States District Court for the Southern District of California for lack of personal jurisdiction over the defendants. We affirm.
 
 I.
 
 4
 Anita Frost and defendant Timothy Frost[1] were married in California on September 12, 1983. They lived in California until February of 1985, when they moved to Maine. In July of 1985, Timothy and Anita Frost were separated. At that time, Anita moved back to San Diego with their one-year-old daughter, Sara. Timothy Frost filed for divorce in Maine. The divorce decree was entered on June 16, 1986. The decree awarded custody of Sara to Anita Frost but granted Timothy Frost summer visitation rights. Later that year, Timothy Frost married Carolyn Frost, his present wife and also a defendant in this suit.
 
 
 5
 In May of 1989, Sara was visiting her father. On May 28, 1989, defendant James Sears drove his car through a stop sign at 80 to 90 kilometers per hour without slowing down. Mr. Sear's car broadsided a car driven by defendant Carolyn Frost, killing Sara and injuring Carolyn Frost's sixteen month old son, Benjamin.
 
 
 6
 Anita Frost sued James Sears and Carolyn Frost, naming Timothy Frost as a nominal defendant, in the Southern District of California, alleging negligence. The district court dismissed the suit for lack of personal jurisdiction.[2] When the underlying facts are undisputed, we review such a decision de novo. Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir.1986).
 
 II.
 
 7
 California law permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution ... of the United States." Cal.Civ.Pro. Code § 410.10. "Thus, the only issue presented is whether the exercise of jurisdiction compl[ies] with due process." Haisten, 784 F.2d at 1396.
 
 
 8
 Before limited personal jurisdiction can exist in a forum state, three requirements must be satisfied: (1) the defendant must have purposefully availed herself of the privileges and protections of the forum state's laws, (2) the claim must arise out of the forum-related activities, and (3) the exercise of jurisdiction must be reasonable. See Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1478-82 (9th Cir.1986).
 
 
 9
 On the facts of this case, the district court correctly held that not one of the requirements is satisfied. Plaintiff bases her claim that the defendants purposefully availed themselves of the privileges and protections of California because Timothy Frost had visitation rights for two months in the summer pursuant to a Maine divorce decree, because he had an obligation to care for his daughter, and because his wife Carolyn allegedly made promises to use safety restraints. These facts are insufficient to base a finding of purposeful availment. The fact that the effects of Sara's death would be manifested in California where her mother resides are not the types of effects upon which jurisdiction can be founded.
 
 
 10
 "[T]he court's focus in due process analysis is on the defendant's relationship to the forum, and the litigation, rather than the plaintiff's relationship to them." Hirsch 800 F.2d at 1478 (citations omitted). "The unilateral activity of those who claim some relationship with a nonresident cannot satisfy the requirement of contact with the forum state.... [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privileges of conducting activities in the forum State ..." Hanson v. Denckla, 357 U.S. 235, 253 (1958). On facts stronger than those in the present case, the Supreme Court has rejected the contention that California has jurisdiction over a father simply because his former wife and his children move to that state. See Kulko v. California Superior Court, 436 U.S. 84, 92-96 (1978).
 
 
 11
 Finally, even if sufficient contacts did exist, we agree with the district court's conclusion that exercising jurisdiction in this case would be unreasonable. Everything involved in the current litigation, including all of the witnesses, is located in Canada, except the plaintiff and the plaintiff's attorney. The hardship balance is overloaded in favor of the defendants.
 
 
 12
 The district court is AFFIRMED and the case is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Wilfred Feinberg, Senior Circuit Judge of the U.S. Court of Appeals for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Timothy Frost was named as a nominal defendant in this case when he refused to join the suit as a plaintiff
 
 
 [2]
 Plaintiff has settled her claim against James Sears and she appeals the dismissal of her complaint with respect only to defendants Timothy and Carolyn Frost